FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IZAAC JERMEL INNES,<br><br>                 Petitioner,<br><br>   v.<br><br>ROB JACKSON,<br><br>                 Respondent. | NO: 2:22-CV-118-RMP<br><br>ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS |

     BEFORE THE COURT is Petitioner Izaac Jermel Innes's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, ECF No 13. Mr. Innes challenges his confinement under a state court judgment entered for his conviction of Murder in the Second Degree. ECF No. 17-1 at 1–12. Petitioner asserts two grounds for habeas relief, both based on alleged ineffective assistance of trial counsel. The Court has considered the petition, the record and relevant law, and is fully informed. For the reasons set forth below, Mr. Innes's petition is denied. A certificate of appealability will not be issued.

/ / /

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 1

# BACKGROUND

Petitioner Izaac Jermel Innes, a Washington state prisoner, brings this *pro se* habeas corpus action under 28 U.S.C. § 2254. The Washington Court of Appeals summarized the facts underlying Mr. Innes's conviction as follows:

> Izaac Innes was convicted of second degree murder, for shooting and killing Jeremy Ayers outside a home on Maxwell Avenue. The evidence at trial was that Mr. Innes shot Mr. Ayers with a high-powered rifle from a slow moving vehicle that was being driven by Darren Bercier.
>
> The shooting took place in the early morning hours of July 30, 2016, during which police responded to reports of three shootings in the same general area of Spokane. The shootings occurred within a span of about two-and-a-half hours. The first report was of the shooting at Maxwell Avenue. The second report was of the nonfatal shooting of two men at a home on Sharp Avenue. Mr. Bercier was charged with that shooting, and allegedly used the same rifle Mr. Innes had used to shoot Mr. Ayers. The third report turned out to be a false report.
>
> Charges against Mr. Innes proceeded to trial two years later. On the morning of what was supposed to have been his August 6, 2018 trial date, Mr. Innes filed a motion to dismiss the case, relying on CrR 4.7 and 8.3. He accused the State of unreasonable delay in producing potentially exculpatory evidence about the Sharp Avenue shootings. He argued that at the pretrial conference conducted on July 27, all parties indicated they were ready to proceed to trial on Monday, August 6. Despite that representation, the State produced approximately 75 pages of new discovery on Wednesday, August 1. Mr. Innes's motion said he did not move for a continuance or dismissal at that time because there was sufficient time to deal with those materials. But Mr. Innes complained that thereafter, at approximately 4:45 p.m. on Friday, August 3, the State produced another 421 pages of new discovery.
>
> We have no transcript of the limited proceedings that apparently took place on August 6. We can infer that the need to continue trial was agreed. The State evidently anticipated Mr. Innes's motion and simultaneously filed its response, admitting its delayed production, offering an explanation, and stressing that roughly 30 days remained for trial under CrR 3.3. It appears the trial court continued the trial date to September 4, 2018, granted Mr. Innes's request that it authorize 120

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 2

      hours of investigative services, and set the dismissal motion for August 24 with a view to assessing any prejudice to Mr. Innes at that time.

      At the August 24 hearing, the trial court asked if the defense was still on track for the September 4 trial. Defense counsel informed the court that it had been able to hire an investigator on August 7 and provide him with the new information. He described some additional delays he and his investigator encountered in getting access to the county's new CaseGuard system. He described a CAD report received that he characterized as raising some "pretty significant information" he needed to investigate. Report of Proceedings (RP) at 10-11. He stated, however, that "[w]e will continue to try to be prepared for trial." RP at 11.

      The prosecutor responded that the State had originally focused on providing information about the Maxwell Avenue shooting, not the shooting at the home on Sharp Avenue. But he said he believed they had now provided everything related to the shooting on Sharp. He said some records in the last batch of production had probably also been provided earlier, but he had no way of knowing for sure. He said the CAD report that concerned defense counsel related to the third report of a shooting received on the morning of July 30 and appeared to be "totally unrelated." RP at 18. But he told the court he had asked a detective to look into it further, because if there was additional information they could provide to the defense, they would.

      The trial court denied the motion to dismiss, observing that "without some type of discovery log, it is very difficult for the Court to find any type of violation." RP at 25. In denying the motion, the trial court told defense counsel to inform the trial court if there were any more items that needed to be explored before moving ahead with trial. The case proceeded to trial on September 4, 2018.

ECF No. 17-1 at 18–21 [footnotes omitted].  On September 13, 2018, Mr. Innes was convicted by a jury in Spokane County Superior Court of Murder in the Second Degree.  ECF No. 17-1 at 1474.  Mr. Innes was sentenced to a term of confinement of life without the possibility of release on October 18, 2018.  ECF No. 17-1 at 6.

On March 9, 2020, Petitioner Innes's defense counsel appealed Mr. Innes's sentence regarding Mr. Innes's financial obligations to the Washington Court of

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 3

Appeals.  ECF No. 17-1 at 25–33.  Mr. Innes also filed a *pro se* Statement of Additional Grounds, as permitted under state law.  ECF No. 17-1 at 34–52.  Mr. Innes argued that the late CAD disclosures and the State's failure to provide the court with a "discovery log" prejudiced the defense because Mr. Innes had to choose between the right to a speedy trial and the right to be represented by adequately prepared counsel.  ECF No. 17-1 at 45.  On September 10, 2020, the Court of Appeals granted the request to correct the financial obligations but affirmed the conviction.  ECF No. 17-1 at 16–24.  On October 12, 2020, Mr. Innes filed a petition for review to the Supreme Court of Washington.  ECF No. 17-1 at 61–81.  The Washington Supreme Court denied review on February 3, 2021, and the mandate issued on February 9, 2021.  ECF No. 17-1 at 82–85.

On May 18, 2021, Mr. Innes filed a *pro se* Personal Restraint Petition in the state appeals court.  ECF No. 17-1 at 86–102.  He raised essentially the same grounds that he had previously raised in his direct appeal, but he reframed the claims under the framework of an ineffective assistance of counsel claim.  He argued that his counsel's failure to provide a discovery log was ineffective assistance, and that, in the absence of this deficiency, there is a reasonable probability that the result of his motion to dismiss would have been different.  ECF No. 17-1 at 88.  The Court of Appeals dismissed the Personal Restraint Petition on February 15, 2022.  ECF No. 17-1 at 209–212.  On March 1, 2022, Mr. Innes filed a second Personal Restraint Petition, which was treated as a Motion for Discretionary Review.  ECF No. 17-1 at

213–231.  The Court of Appeals denied discretionary review on April 20, 2022, and issued a Certificate of Finality on June 30, 2022.  ECF No. 17-1 at 232–36.

On May 17, 2022, Mr. Innes filed his first petition for habeas corpus relief in this Court.  ECF No. 1.  The Court ordered Mr. Innes to amend his petition to provide accurate information regarding how and on what grounds he presented his claims in state court.  ECF No. 10.  On July 15, 2022, Mr. Innes filed his first amended petition.  ECF No. 11.  The Court again ordered Mr. Innes to amend his petition to include information regarding how and on what grounds he presented his claims in state court, and to show that he is entitled to relief.  ECF No. 12.  On September 8, 2022, Mr. Innes filed his second amended petition, ECF No. 13, which the Court will now consider.

**STANDARD OF REVIEW**

Relief under § 2254 is limited to "violation[s] of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act (AEDPA) governs the review of Mr. Innes's claims because he filed the petition after April 24, 1996.  *See Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004).

A federal court may not grant relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Under this standard, if "'fairminded jurists could disagree' on the correctness" of the state court's decision, federal habeas relief is precluded. *Id*. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) (per curiam)). In short, the petitioner bears the heavy burden to show "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

## DISCUSSION

### A. Timeliness

Respondent concedes that Mr. Innes's federal petition is timely. ECF No. 16 at 5. The Court finds that Mr. Innes filed his federal petition within the statute of limitations.

### B. Exhaustion of State Remedies

Respondent concedes that Mr. Innes exhausted his state remedies. ECF No. 16 at 6. The Court finds that Mr. Innes properly exhausted his state remedies.

### C. Evidentiary Hearing

Mr. Innes requests "at a minimum" that the Court grant an evidentiary hearing. ECF No. 13 at 16. Respondent argues that Mr. Innes does not satisfy the requirements for an evidentiary hearing. ECF No. 16 at 8.

A district court may rule on a habeas petition without an evidentiary hearing if the "issues . . . can be resolved by reference to the state court record." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). Here, the state court record is sufficient to resolve Mr. Innes's claims without an evidentiary hearing. *See* ECF No. 17.

### D. Merits of Mr. Innes's Claims for Relief

The Court next considers the merits of Mr. Innes's petition. Mr. Innes presents the following two grounds for relief:

> **Ground One:** Mr. Innes was denied effective assistance of counsel when his defense counsel failed to produce a discovery log as requested by the trial judge, thus forfeiting Mr. Innes's right for a dismissal.
>
> **Ground Two:** Mr. Innes was denied effective assistance of counsel when his defense counsel failed to produce a discovery log as requested by the trial judge, resulting in trial counsel's failure to secure and interview a potential "other suspect."

ECF No. 13 at 3, 7. Respondent argues that the state court reasonably adjudicated both claims, and, therefore, 28 U.S.C. § 2254 bars relief. ECF No. 16 at 11.

The Court interprets Mr. Innes's two ineffective assistance claims to stem from the same allegedly deficient conduct: that Mr. Innes's trial counsel was

ineffective for failing to secure a favorable ruling on his motion to dismiss. Mr. Innes claims that, had his counsel provided a discovery log as requested by the trial judge, the trial judge would have either (1) dismissed the charges against Mr. Innes, or (2) continued trial so that defense counsel could have had additional time to properly investigate a potential "other suspect." Because both claims are based on the same actions by defense counsel and the result of a single motion, the Court will consider the claims together.

**Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must make two showings. First, a petitioner must establish that counsel's performance was deficient and fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. If counsel fails to adequately investigate, decisions about how to proceed cannot be presumed reasonable. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

Second, a petitioner must establish prejudice. To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

1     "Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." See *Strickland*, 466 U.S. at 689; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994). "There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" *Richter*, 562 U.S. at 109 (internal citation omitted). Additionally, the Court owes a high level of deference to state court adjudication of claims of ineffective assistance of counsel. *Yarborough*, 541 U.S. at 668.

**State Court Adjudication**

    Mr. Innes filed a *pro se* Statement of Additional Grounds as part of his direct appeal. See ECF No. 17-1 at 34–52. He argued that the State's late disclosure of discovery regarding a potential witness prejudiced the defense, because "it could not follow leads, and or properly investigate, locate or interview this witness prior to trial." ECF No. 17-1 at 40. Mr. Innes argued that the State failed to provide the trial court with a discovery log to show what had been given to the defense and failed to abide by Washington state rules regarding the prosecution's continuing obligation to pursue the disclosure of discoverable information. ECF No. 17-1 at 43–44.

    In reviewing Mr. Innes's state appeal, the Court of Appeals found that the timing of late discovery and the timing of Mr. Innes's trial did not prejudice Mr.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 9

1  Innes. ECF No. 17-1 at 23. The state appeals court outlined that the trial court had
2  "continued trial for a month, authorized 120 hours of investigative support for
3  defense counsel, and set a hearing two-and-a-half weeks out in order to assess
4  whether the defense had been able to respond to any prejudice and prepare for
5  trial." ECF No. 17-1 at 23. The Court of Appeals concluded that Mr. Innes was
6  not prejudiced, because he "was not forced to choose between his right to a speedy
7  trial and his right to adequately prepared counsel." ECF No. 17-1 at 23.

8      Mr. Innes later raised a claim of ineffective assistance of counsel in his
9  Personal Restraint Petition, ECF No. 17-1 at 86–102, in which he claimed
10 ineffective assistance of counsel due to his counsel's failure to secure a dismissal
11 based on the State's delayed disclosure of discovery materials. ECF No. 17-1 at
12 88. Mr. Innes argued that his counsel's failure to provide the trial court with the
13 necessary proof of the discovery violations fell below the objective standard of
14 reasonableness, and that, but for this deficient performance, there is a reasonable
15 probability that the result of the defense's motion to dismiss would have been
16 different. ECF No. 17-1 at 88.

17     The Court of Appeals refused to address this issue on the merits, because it
18 found that Mr. Innes sought to reraise the same issue that he had raised in his direct
19 appeal, "but under the framework of ineffective assistance of counsel." ECF No.
20 17-1 at 211. The Court of Appeals stated that "[a] defendant may not recast an
21

issue rejected on direct appeal as an ineffective assistance claim." ECF No. 17-1 at 211 (citing *In re Pers. Restraint of Stenson*, 16 P.3d 1, 7 (2001) (en banc)).

***Habeas Petition***

After exhausting his state remedies, Mr. Innes now brings the current habeas petition under 28 U.S.C. § 2254 alleging ineffective assistance of counsel based on his trial counsel's failure to produce a discovery log, which Mr. Innes alleges resulted in Mr. Innes forfeiting his right to a dismissal and to interview another person as a potential alternate suspect. ECF No. 13 at 3, 7.

The Government responds that the state court reasonably adjudicated the merits of both claims, and, therefore, 28 U.S.C. § 2254(d) bars relief. ECF No. 16 at 11. Additionally, the Government argues that Mr. Innes has failed to show deficient representation and prejudice. The Government notes that dismissal of charges is "a remedy of last resort," which Mr. Innes has not shown that he was entitled to, even if his defense counsel had submitted a discovery log. ECF No. 16 at 17. The Government continues that Mr. Innes similarly has failed to present proof that there was a potential "other suspect" who could have provided admissible favorable evidence for Mr. Innes's trial. ECF No. 16 at 18.

The Court finds that relief under § 2254 is not warranted, because the state appeals court adjudicated and reasonably found that Mr. Innes was not prejudiced by the late discovery disclosure and timing of trial. To be entitled to relief for his claims, regardless of the different frameworks Mr. Innes utilized in his Statement

of Additional Grounds on direct appeal, his Personal Restraint Petition, and the present habeas petition, Mr. Innes was required to, and failed to, show that he suffered prejudice based on the actions of the trial court and defense counsel. In adjudicating his Statement of Additional Grounds, the state court of appeals reasonably found that Mr. Innes was not prejudiced by the late discovery disclosure, because the trial court continued trial and allowed his defense counsel time and resources to prepare for trial considering the late disclosures. ECF No. 17-1 at 23. The Court of Appeals subsequently reasonably refused to reconsider Mr. Innes's claim of prejudice in his Personal Restraint Petition, when he argued that he was prejudiced under an ineffective assistance of counsel framework due to his counsel's failure to secure dismissal or a continuance based on the late discovery disclosure. ECF No. 17-1 at 88, 211. The Court of Appeals recognized that, although Mr. Innes raised this issue under the ineffective assistance of counsel framework, his claim required a showing of prejudice due to the late discovery disclosure and the timing of his trial, which the state court had already adjudicated in Mr. Innes's direct appeal and found no prejudice.

To show prejudice, Mr. Innes would have to show that, if his counsel had provided a discovery log to the trial court, there would have been a reasonable probability that the result of his motion to dismiss would have been different. *Strickland*, 466 U.S. at 694. Specifically, Mr. Innes would have to prove that there was a reasonable probability that the trial court would have dismissed Mr. Innes's

charges or allowed for a continuance for additional investigation if Mr. Innes's counsel had provided a discovery log to the trial court. The Court finds that such a reasonable probability does not exist.

Initially, the Court finds that Mr. Innes has not provided any evidence that a discovery log would have shown significant violations or prejudice. While there was certainly delayed discovery, it appears possible that many of the late disclosures already had been disclosed, as the state prosecutor stated that "some records in the last batch of production had probably also been provided earlier, but he had no way of knowing for sure." ECF No. 17-1 at 21. Mr. Innes does not demonstrate that there is a reasonable probability that a discovery log would have shown sufficient discovery delays to cause the trial judge to rule differently. *See Strickland*, 466 U.S. at 694.

Additionally, dismissal is a potential sanction under Wash. CrR 4.7 for discovery violations, but it is available only if the discovery violation "essentially compelled the defendant to choose between two distinct rights: the right to a speedy trial and the right to adequately prepared counsel." ECF No. 17-1 at 22 (citing *State v. Barry*, 339 P.3d 200 (2014)). A trial court has discretion to impose a sanction and may choose from ordering disclosure, granting a continuance, dismissing the action, or entering "such other order as it deems just under the circumstances." Wash. CrR 4.7(h)(7)(i). Dismissal is an "extraordinary remedy." *See Barry*, 339 P.3d at 204. Accordingly, even if Mr. Innes's counsel had provided

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 13

a discovery log, there is not a reasonable probability that the trial judge would have granted the extraordinary remedy of dismissal.

Mr. Innes further does not show that the failure to obtain a continuance and interview the potential "other suspect" prejudiced him, because he does not show that there is a "reasonable probability" that, but for the failure to interview this potential suspect, the result of Mr. Innes's trial would have been different. *See Strickland*, 466 U.S. at 694. In his Statement of Additional Grounds, Mr. Innes contended that interviewing the belatedly disclosed witness "was significant to the defense." ECF No. 17-1 at 40. Mr. Innes stated that the defense theory was that Mr. Bercier was trying to blame the murder on Mr. Innes, but there was potentially a witness, identified only as "Maceo," who stated that a "Native male walked by saying someone was murdered upstairs and then kept walking." ECF No. 17-1 at 40. Mr. Innes argues that interviewing Maceo was necessary because the witness may have identified the "Native Male" as Mr. Bercier. ECF No. 17-1 at 40–41.

Mr. Innes's argument fails because there is not a reasonable probability that, if his defense counsel had interviewed the witness, the result of his trial would have been different. Mr. Innes has not shown that there is a reasonable probability that the "Native male" was Mr. Bercier, or that, if it were Mr. Bercier, the alleged statement to the witness Maceo would have been admitted at trial and resulted in an acquittal of Mr. Innes by the jury. Additionally, the Court notes that, based on the state court records, it appears that Mr. Innes's defense counsel did interview a

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 14

Maceo Williams. *See* ECF No. 17-1 at 176 ("I was able to talk to Maceo Williams."). Defense counsel also cross-examined Mr. Bercier during trial and was able to ask Mr. Bercier any questions, pursuant to cross-examination rules, that he believed necessary at that time.[1] *See* ECF No. 17-1 at 1145–47. Accordingly, because Mr. Innes has not shown that there was a reasonable probability that the result of his trial would have been different if his counsel had interviewed the potential "other suspect," the failure to do so did not prejudice Mr. Innes.

Considering the second prong of the ineffective assistance claim, deficient performance, the Court is not persuaded that Mr. Innes has shown that his trial counsel was deficient. Mr. Innes's trial counsel argued twice for dismissal on behalf of Mr. Innes, citing the late disclosures, CAD reports, and additional investigation needed before trial. *See* ECF No. 17-1 at 18–21. Trial counsel obtained a month-long continuance and the authorization of 120 hours of investigative support. ECF No. 17-1 at 23. While trial counsel did not provide a discovery log, Mr. Innes has not shown that failing to provide a discovery log falls below an "objective standard of reasonableness" under prevailing professional

---

[1] The Court acknowledges that it appears Mr. Bercier refused to answer any questions posed during Mr. Innes's trial, but the Court sees no reason why Mr. Bercier would have been more forthcoming during a potential interview by defense counsel than he was as a witness on the stand. *See* ECF No. 17-1 at 1145–47.

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 15

norms. *See Strickland*, 466 U.S. at 687. Accordingly, the Court finds that Mr. Innes's argument fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" as required to find deficient performance. *Id.* at 689.

Because the state appeals court reasonably found that Mr. Innes was not prejudiced by the timing of late discovery and the timing of Mr. Innes's trial, and because Mr. Innes has not satisfied the high bar required to show deficient performance, he has not shown ineffective assistance of counsel due to his counsel's failure to provide a discovery log.

Accordingly, both of Mr. Innes's grounds for relief are denied.

## CONCLUSION

The Court finds nothing in the record to support that the state appeals court's adjudication of the issues was contrary to, or an unreasonable application of, established Supreme Court authority, or was an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)-(2). Having found that Mr. Innes has failed to show that he is entitled to federal habeas relief on either ground raised, Mr. Innes's petition under 28 U.S.C. § 2254 must be denied.

An appeal of this Order may not be taken unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253. A district court may only issue a certificate of appealability "if the applicant has made a substantial

showing of the denial of a constitutional right." *Id*. The Court finds that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith; thus, there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner Izaac Jermel Innes's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, **ECF No. 13**, is **DENIED**.

2. The Petition is **DISMISSED WITH PREJUDICE**.

3. **JUDGMENT** shall be entered for Respondent.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel and Mr. Innes, and **close the file**. A certificate of appealability will not be issued as there is no basis that this Court identifies for a valid appeal.

**DATED** April 25, 2024.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Senior United States District Judge

ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 17